# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DAVID McKEE, )
)
    Plaintiff, )
) Case No. 12-CV-383-JED-FHM
v. )
)
OSAGE NURSING HOMES, INC., )
)
    Defendant. )

## OPINION AND ORDER

    Plaintiff, David McKee, asserts Title VII discrimination claims in this case. He alleges that he was employed by "Osage Nursing Home" to work in the kitchen. On the first (and only) day of his employment, during training, another employee, Mary Kirby, "came into the kitchen and said that she would not work with a man." (Doc. 2 at ¶ 10). She "began slamming around the dishes that Plaintiff had washed and continued to utter that she did not want a man in the kitchen." (*Id.*). After a kitchen staff meeting, plaintiff was told that Amanda Cook, whose title is not identified in the Complaint, "would work things out" with Ms. Kirby and plaintiff was directed not to report to work that evening. (*Id.* at ¶ 11). A week later, plaintiff was informed that he was replaced by a woman. (*Id.* at ¶ 12).

    The named defendant, Osage Nursing Homes, Inc., is not the proper corporate entity. The entity which acknowledges that it employed plaintiff is Osage Nursing Center, L.L.C. ("Osage LLC"). Although Osage LLC is not named in the case, it is undisputed that it was served with the Complaint on November 8, 2012, which was 121 days after the Complaint was filed. That was one day after the expiration of the 120 day time limit within which a plaintiff must serve a Complaint under Fed. R. Civ. P. 4(m). Osage LLC has appeared through counsel in

this case and filed a motion to dismiss. In its motion to dismiss, Osage LLC argues that, because plaintiff did not timely serve Osage LLC with the Complaint under Fed. R. Civ. P. 4(m), any amendment to correct the name of the defendant will not relate back under Fed. R. Civ. P. 15(c) to the date of the filing of the Complaint. Osage LLC asserts that, because the amendment would not relate back, any amendment would be time-barred, because the statutory time period for filing a Title VII action, which must be brought within 90 days of plaintiff's receipt of the EEOC right to sue letter, expired long ago, before Osage LLC was served. *See* 42 U.S.C. § 2000e-5(f)(1).

Osage LLC's argument is premised upon Rules 4(m) and 15(c). As noted, Rule 4(m) requires service of the Complaint within 120 days of filing. Here, it is undisputed that plaintiff's service of Osage LLC was one day after the 120 day deadline. Rule 15(c) provides that an amendment that changes the naming of a defendant will relate back to the date of the original Complaint if (1) the amendment asserts conduct that arose out of the conduct, transaction, or occurrence set forth in the original complaint and (2) *within the period provided by Rule 4(m) for serving the summons and complaint*, the party to be brought in by amendment "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B), (C). Osage argues that, because it was not timely served, any amendment to correct the name of the defendant will not relate back under Rule 15(c).

However, Osage LLC also acknowledges that, if the Court determines that mandatory or permissive extension of the 120 service deadline is appropriate, then an amendment to name the proper entity will relate back, and the action will not be time-barred. An extension is mandatory

2

if "the plaintiff shows good cause for the failure" to serve the Complaint within 120 days. Fed. R. Civ. P. 4(m). Plaintiff asserts that there was good cause for the delay, because of confusion caused by the name under which Osage LLC operated. Plaintiff asserts that the employing entity was known to him as "Osage Nursing Home," which was also the name utilized for plaintiff's EEOC charge. Plaintiff also notes that counsel who has entered an appearance in this case for Osage LLC responded to the EEOC Complaint, on behalf of "Osage Nursing Home" and "Oklahoma Nursing Homes LTD." (*See* "Respondent's Position Statement," Doc. 11-1 at 5-7 of 24). Before filing suit, plaintiff asserts that he searched the Oklahoma Secretary of State for "Osage Nursing Home," which returned three corporate entities: (1) Osage Nursing Homes, Inc. (2) Osage Nursing Center, LLC, and (3) Osteogenesis Imperfecta Foundation, Inc. (Doc. 10 at ¶¶ 4-6; *see* Doc. 11-1 at 15 of 24). Because his employer held itself out as Osage Nursing Home, plaintiff named Osage Nursing Homes, Inc. instead of Osage Nursing Center, LLC as the defendant. (*See id.*). Plaintiff then attempted to serve Osage Nursing Homes, Inc. by certified mail on November 2, 2012, and the mail was returned as "not deliverable." (Doc. 11-1 at 20 of 24). Plaintiff then retained a process server to personally serve a manager at the Osage Nursing Home facility, which was accomplished on November 8, 2012. (*See* Doc. 10 at ¶ 7).

Because the record does not reflect any attempt by plaintiff to obtain service until November 2, 2012, less than a week before the 120 day service deadline, the Court does not conclude that good cause has been shown. Starting to attempt service just a few days before the deadline is not diligent or meticulous and does not constitute good cause. *See Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) (quoting *In re City of Philadelphia Litig.*, 123 F.R.D. 512, 514, n.2 (E.D. Pa. 1988)). However, when a plaintiff fails to show good cause for untimely service, "the district court must still consider whether a

permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). In light of the seemingly legitimate confusion regarding the proper corporate entity to sue and the fact that plaintiff's attempts at service resulted in service upon Osage LLC only one day after the 120 deadline imposed by Rule 4(m), the Court finds and concludes that a one day permissive extension of the service deadline, applied retroactively, is appropriate. This result is also appropriate and just in light of the fact that a dismissal "without prejudice" would effectively dispose of plaintiff's claim with prejudice, because plaintiff's claim would be time-barred under Title VII.

Accordingly, the Court retroactively grants plaintiff a permissive one day extension of the service deadline, such that Osage LLC shall be considered to have been served within the time frame set forth in Rule 4(m). As a result, Osage LLC's Motion to Dismiss (Doc. 6) is **denied**. On or before **September 16, 2014**, plaintiff shall file an amended complaint changing the name to the proper corporate defendant. In accordance with Fed. R. Civ. P. 15(a)(3), the defendant shall file its response to the amended pleading within 14 days after the filing of plaintiff's amended pleading. The parties shall file a Joint Status Report by **October 10, 2014**.

SO ORDERED this 9th day of September, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE